Argued June 9, affirmed July 14, 1966

# UNION HIGH SCHOOL DISTRICT NO. 1, LINN COUNTY *v.* LINN COUNTY DISTRICT BOUNDARY BOARD ET AL, SCHOOL DISTRICT NO. 66, LINN COUNTY, ADMINISTRATIVE SCHOOL DISTRICT NO. 55, LINN COUNTY ET AL

416 P. 2d 656

*Sam Kyle,* Albany, argued the cause for appellants. With him on the brief were Willis, Kyle, Emmons and Kropp, Albany.

*Grant T. Anderson,* Portland, argued the cause for intervenors-respondents. With him on the brief were King, Miller, Anderson, Nash & Yerke, Portland.

No appearance for defendants-respondents.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This is a suit to determine the status and school district affiliation of a sparsely settled portion of Linn County that had formerly been known as School District No. 138.

The problem presented by this appeal came into being as follows: In Linn County there existed Union High School Districts 1 and 2. The districts were con-

tiguous and each had responsibility for public school education in grades 9 to 12 within its area. Within each Union High School District were many school districts with public school responsibilities for grades 1 to 8.

The area in dispute was originally a separate school district and provided its own elementary school program. It was located within and was a part of Union High School District No. 2 which furnished the high school program for its children. One boundary of School District No. 138 was also the boundary between Union High School District No. 1 and Union High School District No. 2. When, in about 1957, the elementary school children in School District No. 138 were reduced to two in number, the district effected successive consolidations for elementary school purposes and became a part of School District No. 66, but the area remained a part of Union High School District No. 2. The balance of School District No. 66 (to which School District No. 138 had annexed by consolidation) lies within Union High School District No. 1.

In November 1964 the School Board of Union High School District No. 2 called an election within the district upon the proposal to extend the course of study in the district to include all grades 1 through 12. ORS 335.490 to 335.505. Notices of the election were posted and published as provided by the statute, except that as to the area in dispute the notices were posted by the Union High School District No. 1 School Board, who also selected the polling place within the disputed area. Appellants contend that as to old School District No. 138 the election was void, since the High School Board did not notify the School Board of School District No.

66 as required by ORS 335.495, which provides, in part, as follows:

"\* \* \* The union high school board shall send written notice to the boards of affected common school districts which shall give notice to the qualified voters as provided in ORS 331.010. The election shall be held in each common school district at the schoolhouse therein or at places designated by the common school district board, \* \* \*."

The election held December 14, 1964 carried and a course of study was approved by the Superintendent of Public Instruction on December 22, 1964. The Union High School District was thereby abolished and the area became "a common school district responsible for educating children in grades 1 through 12." ORS 335.505.

Thereafter the area which had been Union High School District No. 2 (and converted to a common school district) was reorganized into Administrative School District No. 55 in accordance with ORS 330.505 et seq. For the purposes of this opinion it is not necessary to delineate the procedures used to organize the Administrative School District, since the stipulation of the parties which furnished the facts upon which the court's determination was made included the following:

"\* \* \* Without waiving their right to contest the legal effect thereof, plaintiff and defendants stipulate that otherwise on July 2, 1965, and at all times thereafter, intervener Administrative School District No. 55 was and now is organized and functioning under or under color of laws of the State of Oregon as an administrative school district and that interveners \* \* \* [naming the individuals] are the elected and acting directors thereof and are administering its affairs."

The second sequence of events which form the basis for this appeal commenced in November 1964 when a petition was filed with the Linn County District Boundary Board, asking that the disputed area (former School District No. 138) be transferred from Union High School District No. 2 to Union High School District No. 1. Only two of the signers of the petition were legal voters within the area embraced by the proposed boundary change. On January 20, 1965, public notice was given that the petition was on file and would be heard March 10. On that date the District Boundary Board deferred action on the petition, and within 20 days thereafter remonstrances to the boundary change were filed with such board by more than five per cent of the legal voters in the area affected by the proposed change, and by more than 500 legal voters in School District No. 55 (former Union High School District No. 2) pursuant to ORS 330.101.

Without expressly making findings as to what effect the proposed boundary change would have on the area and districts affected by the proposed change, and with knowledge that the said remonstrances had been filed, the District Boundary Board directed that an election be held in the former Union High School District No. 2 (now Administrative School District No. 55) area upon the question of the boundary change, and fixed July 12, 1965 as the date of the election. Upon application of the plaintiff, the District Boundary Board (defendant herein) was temporarily restrained from holding such election. The position taken by plaintiff in seeking such restraining order was that "* * * Administrative School District No. 55 is not a school district or area affected by the proposed change of territory from Union High School District

No. 2 * * * to Union High School District No. 1
* * * and that, therefore there is no basis for * * *
[defendant] to submit the question of the proposed
change to the voters of Linn County Administrative
School District No. 55."

A complaint in intervention was filed by the inter-
venors herein, praying that the court declare that
Administrative School District No. 55 is a validly
organized and existing school district and that its
boundaries are those of former Union High School
District No. 2 (including the area here in dispute and
formerly known as School District No. 138). The court
was further asked to declare that the defendant
District Boundary Board has no power to proceed with
the proposed boundary change without making the
findings required by ORS 330.090, and without the
change being approved by the voters in the affected
area, and by the voters in Administrative School
District No. 55.

School District No. 66, the sheriff and the assessor
of Linn County were brought in as additional de-
fendants and the issues were framed upon answers
filed by the plaintiff and defendants to the complaint
in intervention. Based upon a stipulation as to the
facts, the trial court entered its decree in accordance
with the prayer of the intervenors' complaint. The
plaintiff Union High School District No. 1 and the
defendant School District No. 66 appeal.

Simply stated, the issues upon this appeal are (1)
is Administrative School District No. 55 a validly
organized school district, and, if so, is the area of
former School District No. 138 a part thereof? (2) May
the defendant Linn County District Boundary Board
proceed upon the petition for boundary change, and if
so, upon what conditions?

The complexities of the first question are resolved by Oregon Laws 1965, Chapter 208, whereby the Legislative Assembly validated school districts previously organized, in the following language:

"Section 2. All school districts organized and functioning prior to the effective date of this Act under, or under color of, any law, and all school districts which have been existing and acting for a period of at least six months prior to the effective date of this Act, hereby are declared to have been legally organized and functioning as school districts. Every such district has all the rights, powers and privileges and is subject to all the duties and obligations of a school district regularly organized pursuant to law.

"Section 3. The boundaries of every school district as established, defined or recorded prior to the effective date of this Act hereby are confirmed, validated and declared legally established.

"* * * * *

"Section 7. It is the intent of the Legislative Assembly by this Act to confirm, validate and declare legally effective the organization and existence of all school districts organized prior to the effective date of this Act by consolidation or otherwise, in so far as the Legislative Assembly has power to correct defects, irregularities or errors in the organization or consolidation of such districts."

The validating statute became effective August 13, 1965.

■ By stipulation of the parties we know that "Administrative School District No. 55 was and now is organized and functioning under or under color of laws of the State of Oregon * * *" on July 2, 1965. The criteria for application of the act to a school district organized either *under a law or under color of a law*

is simply that it be organized and functioning prior to the effective date of the act. Administrative School District No. 55 was at least organized under color of ORS 330.505 et seq. It is not necessary for validation that the district also had been existing and acting for six months. Having met the test, the school district is entitled to all the curative powers of the act, and is therefore validly organized.

■ The area in controversy was a part of Union High School District No. 2 prior to 1964. It was that high school district which extended its course of study to include all grades 1 to 12, and the same boundaries were used to effect the organization of Administrative School District No. 55. The parties stipulated that the boundaries of Administrative School District No. 55, as defined and recorded, were on and after March 1, 1965 the boundaries of Union High School District No. 2. The boundaries, with the area in question included, were confirmed and validated by the curative act.

■ The Legislature has the constitutional power to create, abolish or alter school districts with or without a vote of the people within the area involved. Such authority includes the power to confirm as valid the existence of school districts operating on a de facto basis. Oregon Constitution, Article VIII, § 3; *Padberg, West et al v. Martin et al,* 225 Or 135, 357 P2d 255 (1960); *School District No. 68 v. Hoskins et al,* 194 Or 301, 240 P2d 949 (1952); *Campbell v. Aldrich,* 159 Or 208, 79 P2d 257 (1938).

■ The second question on appeal has three parts. The first thereof involves the authority of the District Boundary Board to alter the boundaries of school districts upon a petition signed by only two persons "residing or owning or occupying real property within ter-

ritory embraced within a proposed * * * boundary change * * *." While the Board may proceed on its own motion, if it acts *solely* pursuant to a petition for boundary change there must be at least three petitioners who reside in the area to be affected, or who own or occupy real property within such area. ORS 330.090 (2). While the parties represented to the court that the Boundary Board approved the petition for boundary change, and the remonstrances thereto, and directed that an election be held, it is not clear from the record that the Board was not also acting upon its own motion. We cannot invalidate the Board's act upon this basis since it must be assumed that their official duty has been regularly performed. ORS 41.360 (15).

The next query has to do with the authority of the defendant Boundary Board to proceed toward a boundary change without making the findings required by ORS 330.090 (2), as follows: "* * * the district boundary board * * * may * * * alter the boundaries of * * * school districts, if it finds that the proposed change:

"(a) Will have no substantial adverse effect upon the ability of the districts affected to provide the educational program required by law.

"(b) Will result in improvement of the educational facilities available to the children in the area affected by the proposed change or will result in substantial operating economies in the district affected.

"(c) Is not made solely for tax advantages to the property owners in the district or area affected by the proposed change.

"(d) Is not likely to adversely affect any contemplated reorganization under ORS 330.505 to 330.780."

██ We held in *School Dist. 7 v. Weissenfluh,* 236 Or 165, 387 P2d 567 (1963) that such a requirement does not call for a recitation of findings of fact based on evidence of record. The Board's action would not be vulnerable to attack if it made the required findings but simply failed to record them in detail. The *Weissenfluh* case does hold, however, that the statute is a statement of the standards circumscribing the Board's authority. There is nothing in the record to indicate that the Board made any findings as required by the statute. Certainly the Boundary Board could not make findings regarding facts that did not exist.

It is conceded by the parties by stipulation that

" '* * * the educational facilities offered by the public schools in Administrative School District No. 55 for grades 1 through 12 * * * are equal to the educational facilities offered by the public schools of School District No. 66 in grades 1 through 8, and Union High School District No. 1 in grades 8 through 12, and * * * no substantial operating economies in the districts affected by the change proposed in the petition will result from the proposed change.' "

From the stipulation it is obvious that the finding required by ORS 330.090 (2) (b) could not be made. The defendant Boundary Board was therefore without authority to consider the boundary change.

██ Appellants argue finally that Administrative School District No. 55 is not a school district affected by the proposed change of boundary and is not therefore entitled to file a remonstrance on the question. The change would take area from that district and annex it to Union High School District No. 1. The contention has no merit.

We find that the decree of the trial court contains a correct declaration of the rights, responsibilities and relationships of the parties with respect to the issues therein described.

Affirmed.