Argued February 27, affirmed May 8, 1978

LIS, *Appellant,*

*v.*

OREGON STATE BOARD OF HIGHER
EDUCATION et al, *Respondents.*

(No. A 76 08 12232, CA 8938)

577 P2d 1370

Charles J. Merten, Portland, argued the cause for appellant. With him on the brief was Merten & Saltveit, Portland.

Clifford N. Carlsen, Portland, argued the cause for respondents State Board of Higher Education and

University of Oregon Health Sciences Center. With him on the brief was Don C. Weege, Portland, and Miller, Anderson, Nash, Yerke & Wiener, Portland. No appearance for respondent Public Employees Retirement Board.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

Plaintiff appeals from the order of the circuit court declaring valid his termination as an employe of defendant University of Oregon Health Sciences Center (hereafter "medical school"). The issue is whether plaintiff had tenure.

Plaintiff joined the faculty of the medical school in 1963 as a full-time member of the academic staff. At that time, Rule L-3-F of the Administrative Code of the defendant Board of Higher Education (Board), the predecessor to the Board's Administrative Rules which were adopted in 1970,[1] provided with respect to tenure:

> "If the appointment of an academic staff member on 81 percent FTE or more, not on indefinite tenure, is to be terminated otherwise than for cause, he shall be given a timely notice of termination as follows: During the first annual appointment, at least three months' notice; and during the second, third, fourth, fifth and sixth annual apointment, at least twelve months' notice. If such a staff member is not placed on indefinite tenure by the end of his sixth annual appointment, he shall then be given twelve months' notice of termination. A series of annual appointments shall be considered consecutive whether or not interrupted by one or more official leaves of absence. *Annual appointment for a seventh year without being accompanied by notice of termination shall be interpreted as the conferring of tenure."* (Emphasis supplied.)

In 1965, Rule L-3-F was amended by the Board to provide in pertinent part:

> "Annual appointment for a seventh consecutive year shall normally include the granting of indefinite tenure *unless the seventh annual notice of appointment specifically provides otherwise."* (Emphasis supplied.)

In 1969, plaintiff received his seventh annual notice of appointment stating that his tenure status was "yearly." In 1970, over plaintiff's protest, the medical school began reducing plaintiff's salary on the

---

[1] Oregon Administrative Rules, ch 580.

ground that the federal funds from which his salary was paid had decreased. Plaintiff was appointed annually thereafter until July of 1976, when he was informed that he would be terminated effective June, 1977, unless he could secure his own salary funding. In August of 1976, plaintiff brought this action seeking a declaratory judgment that he had indefinite tenure from 1969 and thus could not be terminated except for cause. He also asked for back pay and fringe benefits from 1970. The trial court found that plaintiff was never granted indefinite tenure, that his termination effective June 30, 1977 was valid, and that his claims for back pay and benefits were moot. Plaintiff assigns as error these findings.

The controversy centers on the seventh annual notice of appointment plaintiff received in 1969. The Board maintains that, under Rule L-3-F as amended in 1965, the designation of "yearly" tenure was notice that "specifically provides otherwise," indicating in accordance with the 1965 amendment that plaintiff was not being conferred with indefinite tenure.

■ Plaintiff's first contention is that the Board cannot rely on the 1965 amendment because there is no evidence in the record that the amendment was validly adopted in accordance with procedures prescribed by the Administrative Procedures Act, ORS ch 183.[2]

---

[2]Plaintiff relies on former ORS 183.330(3) which established notice and hearing requirements for some administrative rulemaking proceedings. Since 1965, that statute has been substantially amended. Subsequent to oral argument, plaintiff filed a motion requesting this court to take judicial notice that during the period 1958 through 1965 defendant did not file notices of intended action with the Secretary of State for publication in the Bulletin as provided in former ORS 183.330(3). Attached to the motion is a letter to plaintiff's counsel from the Secretary of State's office stating that after a "thorough search" of records, "we note that the Oregon State Board of Higher Education did not file Notices of Intended Action with the Secretary of State * * * from 1958 to 1965." We doubt that a matter which requires a file search of this nature is a fact of common knowledge of which we can take judicial notice at this stage of litigation. We also doubt that rule L-3-F was subject to former ORS 183.330(3) because it does not concern "benefits or privileges to which *applicants* are entitled by law

Plaintiff's position is that the burden was upon the Board to prove that the rule was validly adopted. We disagree. There is a presumption that the official duty of the members of the Board in adopting its rules was regularly performed. ORS 41.360(15);[3] *see also Sch. Dist. No. 1 v. Linn Boundary Bd.,* 244 Or 207, 216, 416 P2d 656 (1966).

The burden was upon plaintiff to overcome the presumption. Plaintiff contends that the evidence he introduced at trial did so. This evidence consisted of the trial court file of a prior declaratory judgment action involving the termination of another academic employe of the medical school, and the deposition of the dean of the medical school. The subject trial court file contains an answer filed by the Board to a complaint alleging, inter alia, that from 1958 to 1970 the Board's Rule L-3-F provided as it did before the 1965 amendment. The Board's answer admits this allegation. The admission is merely evidence that the Board itself was unaware of the 1965 amendment when it answered the complaint. The 1965 amendment was not an issue in the prior case because the terminated employe's seventh annual notice of appointment was received in 1964. In his deposition, the dean

_____

* * *." Former ORS 183.310(3)(c). (Emphasis supplied.) In any event, former ORS 183.330(3) did not require publication in the Secretary of State's bulletin. That statute provided that "the adopting agency shall, as far as practicable, publish in the bulletin * * * *or otherwise circulate,* notice of its intended action and afford interested persons opportunity to submit their views orally or in writing." (Emphasis supplied.) It should also be noted that plaintiff's contention would be fatal to his own case because if the 1965 amendment to rule L-3-F was invalid for failure to comply with former ORS 183.330(3), likewise the 1964 version, upon which plaintiff's claim is based, was invalid.

[3] ORS 41.360(15) provides:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"* * * * *

"(15) Official duty has been regularly performed."

of the medical school, after being shown the pleadings in the case discussed above, stated that it was his "recollection" that from 1958 to 1970 Rule L-3-F read as it did prior to the 1965 amendment. Again, this admission is merely evidence that the dean was also unaware of the 1965 amendment. To overcome the presumption of regularity, plaintiff must present evidence relating to the manner and procedure by which the rule was adopted. In the absence of any such evidence, plaintiff has failed to carry his burden.

Plaintiff also maintains that regulations in the faculty handbook published by the dean's office of the medical school support his argument that he received indefinite tenure in 1969. The faculty handbook states that it was prepared as a guide to administrative rules and procedures affecting the medical school and does not purport to be a rule. Furthermore, with respect to the matter of tenure, it expressly refers the reader to Rule L-3-F of the Board's Administrative Code.

■ Finally, plaintiff argues that even if the 1965 amendment to Rule L-3-F was effective, he nevertheless was given indefinite tenure in 1969 because his 1969 notice of appointment did not specifically state that he did not have indefinite tenure. We agree with the trial court that the designation of "yearly" tenure on plaintiff's 1969 notice of appointment did not confer upon him indefinite tenure, particularly in view of the evidence that the Board's Administrative Code provided for only two types of tenure, "yearly" and "indefinite," and that it was the practice of the school to specifically indicate "indefinite" tenure on the notice of appointment if that was the intent.

Affirmed.