Submitted on record and briefs February 28, 1985, reversed and remanded for reconsideration April 23, 1986

FUNK,
*Petitioner,*

*v.*

MULTNOMAH EDUCATION SERVICE DISTRICT et al,
*Respondents.*

(CA A32013)

717 P2d 656

William Funk, Portland, filed the briefs *pro se* for petitioner.

John W. Burgess, Portland, filed the brief for respondent Multnomah Education Service District.

Jonathon L. Goodling, Portland, filed the brief for

respondent School District No. 1, Multnomah County, Oregon.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ Petitioner seeks review of the Multnomah Education Service District Board's (Board) denial of a proposal to change school district boundaries to transfer an area from Multnomah County School District No. 1 (the district) to the adjacent Riverdale School District. The area is located in the part of the district which was the subject of an unrelated reorganization proposal directed at creating a Jackson School District. The basis for the Board's decision was that the proposed boundary change was "likely to adversely affect" the Jackson reorganization plan. ORS 330.090(4)(d).[1] In *School Dist. No. 1 v. Mult. Co. Educ. Serv. Dist.,* 78 Or App 247, 716 P2d 759 (1986), we affirmed the state Board of Education's rejection of the Jackson plan.[2] It follows that the Board's decision here cannot be sustained, at least on the ground on which the Board based it.

■ The district contends that there is an alternative basis for affirming the decision. It argues that the proposed boundary change "is * * * likely to adversely affect the educational programs available to the children in the area affected by the proposed change" and that it is therefore contrary to ORS 330.090(4)(b). The district acknowledges that the Board made no findings or ruling on that issue, but it nevertheless argues that this court may and should decide as a matter of law that the proposal could not comply with ORS 330.090(4)(b). The district relies on *Sch. Dist. No. 1 v. Linn Boundary Bd.,* 244 Or 207, 416 P2d 656 (1966). Although the boundary board in that case had not made express findings on all of the statutory prerequisites to a boundary change, the Supreme Court held as a matter of law that, in the light of facts to which the parties stipulated, one of the findings necessary for the approval of the proposed change *could not* have been made by the Board. The district argues that we should follow the same "efficient" course rather than remanding. However, unlike in *Linn Boundary Bd.,* there is no

---

[1] At the time of the Board's decision, that provision was codified as ORS 330.090(2)(d). The amendment of ORS 330.090 which resulted in renumbering, Or Laws 1985, ch 364, § 1, did not affect the substance of the relevant parts of the statute. We will refer to the subsections of ORS 330.090 as they are now codified.

[2] We deferred our decision of this appeal for the decision in *School Dist. No. 1 v. Mult. Co. Educ. Serv. Dist, supra.* For reasons that need not be detailed, the parties to that case did not bring it to issue until long after this appeal was submitted.

stipulation or other source of established fact here which would preclude or dictate any particular action by the Board.[3] There is no merit to district's argument.

Reversed and remanded for reconsideration.

---

[3] It is questionable at best whether the 1966 decision in *Linn Boundary Bd.* is viable under the current Administrative Procedures Act. *See* ORS 330.101(6).